UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN THOMAS #223662,

                **Plaintiff,**           **CIVIL ACTION NO. 11-CV-12193**

      **vs.**                    **DISTRICT JUDGE ARTHUR J. TARNOW**

                                 **MAGISTRATE JUDGE MONA K. MAJZOUB**

**DEBBIE THOMAS,**

                **Defendant.**

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
AMEND HIS REQUESTED RELIEF [36] AND DEFENDANT'S MOTION TO TAKE
PLAINTIFF'S DEPOSITION [45]; AND DENYING PLAINTIFF'S MOTION TO
COMPEL [43], PLAINTIFF'S MOTION TO HOLD HIS DEPOSITION IN ABEYANCE
[50], AND DEFENDANT'S MOTION TO SUPPLEMENT [59]**

Plaintiff Melvin Thomas, currently a prisoner at the Baraga Correctional Facility in Baraga,

Michigan, has filed this action against Defendant Debbie Thomas alleging that she intentionally filed

a false major-misconduct report for "threatening behavior," which resulted in Plaintiff being placed

in segregation for 10 days.  (*See* docket nos. 1 and 5.)

Before the Court are Plaintiff's Motion for Leave to Amend the Relief Requested in his First

Amended Complaint (docket no. 36), Plaintiff's Motion for an Appropriate Order Ensuring Plaintiff

will be Provided Necessary Materials and Discovery Documents to Pursue this Action Irrespective

of Indigency (docket no. 43), Defendant's Motion to Take Plaintiff's Deposition (docket no. 45),

and Plaintiff's Motion to Hold [docket no. 45] in Abeyance Pending the Outcome of Plaintiff's

Request for Appointment of Counsel (docket no. 50).[1]  Defendant filed a Response to Plaintiff's

Motion for Discovery Materials (docket no. 46), and Plaintiff filed a Reply (docket no. 49).

Defendant filed a Response to Plaintiff's Motion to Hold [docket no. 45] in Abeyance.  (Docket no.

53.)  All pretrial matters have been referred to the undersigned for consideration. (Docket no. 11.)

The parties have fully briefed the motions; the Court has reviewed the pleadings and dispenses with

oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  The Court is now

ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.      Background

On May 19, 2011, Plaintiff filed a Complaint alleging that he was deprived of liberty and

property without due process of law when Defendant filed a major-misconduct report against him

on July 26, 2010.  (*See* docket no. 1.)  The Court dismissed Plaintiff's Complaint but granted

Plaintiff's Motion for Reconsideration and allowed Plaintiff to file an Amended Complaint.  (Docket

no. 9.)  Plaintiff filed his Amended Complaint on July 12, 2012, alleging that the allegedly false

major-misconduct report was filed in retaliation to his First Amendment right to criticize a public

official.  (Docket no. 22.)  The Court denied Defendant's Motion for Summary Judgment, and the

Parties engaged in discovery.  (Docket no. 32.)  The Court also denied Plaintiff's Motion to Appoint

Counsel.  (Docket no. 31.)

As discovery progressed, Plaintiff filed a Motion for Order allowing correspondence with

another prisoner (docket no. 35) and three Motions to Compel (docket nos. 39, 41, and 47).  Plaintiff

subsequently withdrew those motions.  (Docket nos. 40, 51, and 52.)  Plaintiff now asserts that his

---

[1]Also before the Court is Plaintiff's Motion to Supplement [docket no. 45] with Proposed
Order.  (Docket no. 59.)

2

discovery efforts have been hindered by MDOC policies and practices.  (*See* docket no. 43.)  The Parties Motions, in general, arise out of this ongoing discovery.

## II.    Legal Standards

### A.    Discovery Standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  But the scope of discovery is not unlimited.  "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party.  Fed.R.Civ.P. 33, 34.  A party receiving these types of discovery requests has thirty days to respond with answers or objections.  Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A).  If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel.  Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv).  If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make

3

an award unjust.  Fed.R.Civ.P. 37(A)(5)(a).

**B.    Motion to Amend Standard**

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2).  "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality."  *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted).  "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation."  *Id.* (citation omitted).  "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: [(1)] require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [(2)] significantly delay the resolution of the dispute; or [(3)] prevent the plaintiff from bringing a timely action in another jurisdiction."  *Id.*  (citation omitted).  A court may also deny leave to amend when the proposed amendment would be futile.  *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6).  *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

**III.    Analysis**

**A.    Plaintiff's Motion to Amend**

In Plaintiff's Amended Complaint, his Relief Requested is as follows:

A.    A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States;

4

B.      Compensatory Damages in the amount of $200,000.00 against the Defendant;

C.      Punitive damages in the amount of $300,000.000 against the Defendant;

D.      A jury trial on all issues triable by jury;

E.      Plaintiff's cost in this suit[; and]

F.      Any additional relief this Court deems just, proper and equitable.

(Docket no. 22 ¶ 30.)  In Plaintiff's Motion for Leave to Amend the Relief Requested in His First

Amended Complaint, Plaintiff asks to amend this paragraph to read as follows:

A.      A declaration that the acts described herein violated Plaintiff's rights under
        the Constitution and laws of the United States;

B.      Nominal damages;

C.      Punitive damages in the amount of $150,000.00 against Defendant;

D.      A jury trial on all issues triable by jury;

E.      Plaintiff's cost in this suit; [and]

F.      Any additional relief this Court deems just, proper and equitable.

(Docket no. 36 at 1-2.)  Defendant did not file a Response, and the Court finds no reason to deny

Plaintiff's Motion.  Therefore, the Court will grant Plaintiff's Motion and allow him to file a Second

Amended Complaint limited to the changes requested in his Motion.

**B.      Plaintiff's Motion to Compel**

On January 11, 2013, Plaintiff filed his Motion for an Appropriate Order Ensuring Plaintiff

will be Provided Necessary Materials and Discovery Documents to Pursue this Action Irrespective

of Indigency.  (Docket no. 43.)  Plaintiff asserts, generally, that MDOC employee J. LeClaire has

been intentionally withholding forms that Plaintiff needs to proceed in this litigation.  Additionally,

Plaintiff asserts that LeClaire has refused to provide photocopies of materials produced by

5

Defendant during the discovery process.  Plaintiff alleges that these intentional acts of obstruction are "consistent with [the prison's] long history of such actions against prisoner litigation."  (Docket no. 43 at 10.)  Plaintiff asks the Court to:

> . . . exercise its authority and issue an appropriate order in its judgment which will ensure that Plaintiff receives the materials and documents essential to pursuing and properly presenting this case to a jury, and ensuring that Plaintiff will not be further subjected to the actions of employees at this facility to hinder and impede the judicial process as has been thus demonstrated, by illegal and unethical actions.

(*Id.* at 10 -11.)

Defendant produced the documents that Plaintiff requested pursuant to Fed. R. Civ. P. 34. (*See id.* at 6.)  Moreover, Plaintiff has no pending claims in this action against the MDOC, Baraga Maximum Correctional Facility, or LeClaire.  Thus, Plaintiff's Motion to Compel appears to be a separate claim for interference with his access to the court, which is not properly brought in his motion.  Therefore, the Court will deny Plaintiff's Motion.[2]

### C.  Defendant's Motion to Take Plaintiff's Deposition

Pursuant to Fed. R. Civ. P. 30(a)(2), Defendant requests permission to take Plaintiff's deposition.  (Docket no. 45.)  Defendant asserts that Plaintiff's deposition is essential to the preparation of her defense in this case.  (*Id.* at 4.)  Defendant also requests that the Court allow Defendant to take Plaintiff's deposition in person, by telephone, or by video pursuant to Fed. R. Civ. P. 30(b)(7) at Defendant's option.  (Docket no. 45 at 4.)  Defendant asserts that a telephone or video deposition is far more practical in light of Plaintiff's incarceration in the Upper Peninsula of

---

[2]In Plaintiff's Reply in support of his Motion, Plaintiff requests that the Court "reconsider [his] request for appointment of counsel (docket no. 30) . . . as it will resolve the problems of obtaining and presenting evidence and contacting witnesses."  (Docket no. 49 at 6-7.)  Plaintiff's request is not properly brought in his Reply brief; therefore, the Court will deny Plaintiff's request.

Michigan and defense counsel's location in Lansing, Michigan. In response to Defendant's Motion, Plaintiff filed a Motion to hold Defendant's Motion in abeyance until the Court decided his Motion to Compel, wherein he requested reconsideration of his Motion for Appointment of Counsel. (Docket no. 50 at 1-3.) Plaintiff has not responded to Defendant's request to take his deposition by telephone or by video.

Because the Court has denied Plaintiff's request for reconsideration of his Motion for Appointment of Counsel, his Motion to Hold [docket no. 45] in Abeyance is now moot. Therefore, because the Court agrees with Defendant that taking Plaintiff's deposition is essential in this matter and because the Court agrees that taking the deposition by telephone or video conference is reasonable, the Court will grant Defendant's Motion. The Court will include such an order herein, and therefore, the Court will deny Defendant's Motion to Supplement (docket no. 59) as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend [36] is **GRANTED**. Plaintiff must file a Second Amended Complaint within 28 days.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [43] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to take Plaintiff's Deposition [45] is **GRANTED**. Defendant is permitted to take Plaintiff's deposition in person or by video conference or by telephone as necessary.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Hold Plaintiff's Deposition in Abeyance [50] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Supplement [59] is **DENIED** as moot.

## NOTICE TO THE PARTIES

7

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  April 5, 2013            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Melvin Thomas and Counsel of Record on this date.

Dated: April 5, 2013            s/ Lisa C. Bartlett
                                Case Manager

8