**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MELVIN THOMAS #223662,**

        **Plaintiff,**                    **CIVIL ACTION NO. 11-CV-12193**

      **vs.**                              **DISTRICT JUDGE ARTHUR J. TARNOW**

                                          **MAGISTRATE JUDGE MONA K. MAJZOUB**

**DEBBIE THOMAS,**

        **Defendant.**

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO RE-FILE WITNESS LIST [64] AND DENYING PLAINTIFF'S MOTION TO COMPEL [57], MOTION TO SUPPLEMENT [62], AND MOTION TO APPOINT COUNSEL [67]**

Plaintiff Melvin Thomas, currently a prisoner at the Baraga Correctional Facility in Baraga, Michigan, has filed this action against Defendant Debbie Thomas alleging that she intentionally filed a false major-misconduct report for "threatening behavior," which resulted in Plaintiff being placed in segregation for 10 days. (*See* docket nos. 1 and 5.)

Before the Court are Plaintiff's Motion to Compel Production of Documents (docket no. 57), Plaintiff's Motion to Supplement docket no. 43 (docket no. 62), Plaintiff's Motion for Leave to Re-file his Witness List (docket no. 64), and Plaintiff's Motion to Appoint Counsel (docket no. 67).[1] Defendant filed a Response to Plaintiff's Motion to Compel. (Docket no. 60.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 11.) The parties have fully

---

[1] Also pending at this time are Plaintiff's Motion for Order Authorizing the Service of Subpoenas by U.S. Mail (docket no. 55), Plaintiff's Motion for Order of Issuance of Writ of Habeas Corpus Ad Testificandum for Prisoner Witnesses (docket no. 56), and Plaintiff's Motion for an Order Instructing Defendant to Provide Evidentiary Materials at Trial (docket no. 58). The Court will not address these Motions in the instant Opinion and Order.

1

briefed the motions; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I. Background

On May 19, 2011, Plaintiff filed a Complaint alleging that he was deprived of liberty and property without due process of law when Defendant filed a major-misconduct report against him on July 26, 2010. (*See* docket no. 1.) The Court dismissed Plaintiff's Complaint but granted Plaintiff's Motion for Reconsideration and allowed Plaintiff to file an Amended Complaint. (Docket no. 9.) Plaintiff filed his Amended Complaint on July 12, 2012, alleging that the allegedly false major-misconduct report was filed in retaliation to his First Amendment right to criticize a public official. (Docket no. 22.) The Court denied Defendant's Motion for Summary Judgment, and the Parties engaged in discovery. (Docket no. 32.) The Court also denied Plaintiff's Motion to Appoint Counsel. (Docket no. 31.)

As discovery progressed, Plaintiff filed a Motion for Order allowing correspondence with another prisoner (docket no. 35) and three Motions to Compel (docket nos. 39, 41, and 47). Plaintiff subsequently withdrew those motions. (Docket nos. 40, 51, and 52.) On January 11, 2013, Plaintiff filed another Motion to Compel alleging that his discovery efforts had been hindered by MDOC policies and practices. (Docket no. 43.) The Court denied Plaintiff's Motion and found that "Plaintiff's Motion to Compel appears to be a separate claim for interference with his access to the court, which is not properly brought in his motion." (Docket no. 63.) Plaintiff has since filed the instant motions.

## II. Analysis

### A. Plaintiff's Motion to Compel [57]

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

On January 22, 2013, Plaintiff served Defendant with Plaintiff's Fourth Request for Production of Documents. Therein, Plaintiff requested the following:

    3.      Produce the document, or state with specific particulars, what information was used by Classification Director Julius Mayfield at St. Louis Correctional Facility to determine that the Plaintiff was a threat to security and could not be returned to work in SLF's kitchen after the not-guilty finding for threatening behavior on 8-4-10?

    4.      Produce the document detailing the information requested at #3, or state with particulars, the source of said information?

(Docket no. 57 at 8.) In Response, Defendant pointed Plaintiff to Policy Directive 05.01.100, which authorizes the Classification Director to take such action. (*Id.* at 11-12.) Defendant then objected to any further response because "it is not a request to produce but rather an interrogatory" and "because it requests a non-party to give his opinion or his understanding of a factual issue in this case." (*Id.* at 12.)

Plaintiff now asks the Court to compel a response from Defendant because the information is relevant and because the information would (arguably) be admissible under Fed. R. Evid. 404(b) or 803(B)(A)(b). (*Id.* at 3-4.) Plaintiff, however, misinterprets Defendant's objection. Even if the information is relevant and admissible, Plaintiff's method of attempting to obtain the information is improper. Plaintiff attempted to obtain information "used by Classification Director Julius Mayfied" through a request for production of documents sent to Defendant Debbie Thomas. (*See id.* at 8.) By its plain language, a request for production of documents under Rule 34 may only be served "on any other party," not on a non-party. Fed. R. Civ. P. 34(a). Moreover, as Defendant notes, Plaintiff's request to produce also asks that Defendant "state with specific particulars" the source of such information. (Docket no. 58 at 8.) Thus, to the extent that Plaintiff requests information and not a document or other thing that may be produced, Plaintiff's request is an interrogatory under Fed. R. Civ. P. 33, not a request for production. *Compare* Fed. R. Civ. P. 33, *with* Fed. R. Civ. P. 34. Nevertheless, even an interrogatory may only be served on "any other

party." Fed. R. Civ. P. 33(a). The proper vehicle for Plaintiff's request would be through a subpoena under Fed. R. Civ. P. 45 sent to Classification Director Mayfield. Plaintiff's request was procedurally improper; therefore, the Court will deny Plaintiff's Motion to Compel.

### B.     Plaintiff's Motion to Supplement [62]

On May 28, 2013, Plaintiff filed his Motion to Supplement his previous Motion to Compel, which was filed as docket no. 43. (Docket no. 62.) The Court previously denied Plaintiff's Motion to Compel [43] as part of an Order issued on April 5, 2013. (Docket no. 63.) Therefore, Plaintiff's Motion to Supplement is moot.[2]

### C.     Plaintiff's Motion for Leave to Re-file his Witness List [64]

Pursuant to the Court's October 15, 2012 Scheduling Order, the Parties' witness lists were due on March 5, 2013. (Docket no. 37.) On February 25, 2013, Plaintiff submitted his "Proposed Witness List and Testimony" to the Court. (Docket no. 64 at 5.) For some reason, however, it appears that the Court rejected Plaintiff's witness list and returned a document noting that "the District Court does not accept discovery material." (*Id.* at 12.) On March 15, 2013, the Court sent Plaintiff a copy of the docket sheet, wherein Plaintiff saw that Defendant's witness list was docketed but his witness list was not. (*Id.* at 1-2.) Plaintiff now asks that the Court permit him to re-file his timely filed witness list. The Court will grant Plaintiff's Motion and order him to submit his witness list within 14 days of this Opinion and Order.

### D.     Plaintiff's Motion to Appoint Counsel [67]

---

[2]Because Plaintiff's Motion to Supplement was filed before the Court's April 5, 2013 Opinion and Order was entered, the Court has reviewed its previous decision and Plaintiff's Motion to Supplement. The Court concludes that even if it were to reconsider Plaintiff's Motion to Compel in light of Plaintiff's supplemental filing, the Court would still deny Plaintiff's Motion for the same reasons.

5

Plaintiff's Motion to Appoint Counsel [67] asks the Court to appoint counsel because Plaintiff "lack[s] knowledge of the law;" the MDOC is "systematic[ally] den[ying him] basic services and rights[, which] significantly impairs [his] ability to vindicate his rights in this action;" and "[a] trial . . . will likely involve conflicting testimony, and counsel will better enable Plaintiff to present evidence and cross-examine witnesses."  (Docket no. 67.)

As the Court has previously expressed in this matter, The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances.  In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted); *see also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'").

Again, as the Court previously found, "Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process."  (Docket no. 31 at 1-2.)  Moreover, since that time, Plaintiff has successfully participated in the discovery process, properly filed motions and responses, clearly articulated his arguments, and proceeded in this matter to the eve of trial.  While the Court has no doubt that counsel would assist Plaintiff in prosecuting his case, this matter is not particularly complex, and Plaintiff appears to be able to adequately represent himself.  Thus, the Court finds that this is not a case where exceptional circumstances exist.  Therefore, the Court will again deny Plaintiff's Motion for Appointment of Counsel without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [57] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement [62] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Re-file his Witness List [64] is **GRANTED**. Plaintiff must file his witness list with the Court within 14 days.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [67] is **DENIED** without prejudice.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: August 26, 2013   s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Melvin Thomas and Counsel of Record on this date.

Dated: August 26, 2013   s/ Lisa C. Bartlett
Case Manager