UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN THOMAS,

        Plaintiff,        Case No. 11-12193

                                    Paul D. Borman
v.                              United States District Judge

DEBBIE THOMAS,                     Mona K. Majzoub
                                    United States Magistrate Judge
        Defendant.
_____/

ORDER DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S APRIL 5, 2013 OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (Dkt. No. 68)

Now before the Court is Plaintiff Melvin Thomas's Objection to Magistrate Judge Mona K. Majzoub's April 5, 2013 Opinion and Order rendered pursuant to 28 U.S.C. § 636(b)(1)(A). (Objection, Dkt. No. 68). The April 5, 2013 Opinion and Order: (1) granted Plaintiff's motion to amend his complaint (Dkt. No. 36), (2) denied Plaintiff's Motion to Compel[1] (Dkt. No. 43); (3) granted Defendant's motion to take Plaintiff's deposition (Dkt. No. 45); (4) denied Plaintiff's motion to hold Plaintiff's Deposition in Abeyance (Dkt. No. 50); and (5) denied Plaintiff's Motion to Supplement as Moot (Dkt. No. 59). (Dkt. No. 63, Opinion and Order). Plaintiff objects only to the Magistrate Judge's denial of his Motion to Compel.

Plaintiff originally filed this action against Defendant Debbie Thomas on May 19, 2011. (Dkt. No. 1). The Court dismissed Plaintiff's Complaint but then later granted Plaintiff's motion for reconsideration and allowed Plaintiff to file an Amended Complaint. (Dkt. No. 9). Plaintiff

---

[1] This motion is titled "Motion for an Appropriate Order Ensuring Plaintiff will be Provided Necessary Materials and Discovery Documents to Pursue this Action Irrespective of Indigency", however, the Magistrate Judge and the Plaintiff refer to this motion generally as a "Motion to Compel" and for ease of reference this Court will do the same.

then filed an Amended Complaint on July 12, 2012. (Dkt. No. 22). The Court denied Defendant's Motion for Summary Judgment and the parties then engaged in discovery. (Dkt. No. 32). More recently, Plaintiff filed a Second Amended Complaint by leave of the Court. (Dkt. No. 63, granting Plaintiff's motion to amend; Dkt. No. 66, Second Amended Complaint). The Court also notes that on April 2, 2014, Plaintiff was assigned counsel. (Dkt. No. 74).

Here, where the Plaintiff objects to a non-dispositive matter, the Court cannot reverse the magistrate judge's decision unless it was "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). The United States Supreme Court and the Sixth Circuit have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir 1992) (quoting *U.S. Gypsum Co.*).

This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *See Anderson v. City of Bessemer City., N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc*., 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)). As a result the reviewing court must employ "independent judgment with respect to the magistrate judge's conclusions of law." *Id*.

The Court now turns to Plaintiff's Objection to the Magistrate Judge's Opinion and Order which denied Plaintiff's Motion to Compel. The Magistrate Judge accurately summarized Plaintiff's Motion to Compel in the Order, stating:

> Plaintiff asserts, generally, that MDOC employee J. LeClaire has been intentionally withholding forms that Plaintiff needs to proceed in this litigation. Additionally, Plaintiff asserts that LeClaire has refused to provide photocopies of materials produced by Defendant during the discovery process. Plaintiff alleges that these intentional acts of obstruction are "consistent with [the prison's] long history of such actions against prisoner litigation." (Docket No. 43 at 10).

(Order, at 5-6). In his Motion to Compel, Plaintiff requested relief from the Court, seeking an order that would:

> ensure that Plaintiff receives the materials and documents essential to pursuing and properly presenting this case to a jury, and ensuring that Plaintiff will not be further subjected to the actions of employees at this facility to hinder and impede the judicial process as has been thus demonstrated, by illegal and unethical actions.

(Dkt. No. 43, at 10-11). The Magistrate Judge noted that Plaintiff's complaints only concerned non-parties, LeClaire, MDOC, and Baraga Maximum Correctional Facility, and concluded the complaints were actually a separate claim for interference with access to the court and therefore not properly before the Court in a motion to compel. (Order, at 6). The Magistrate Judge also noted that Plaintiff improperly requested the Court reconsider his previous request for appointment of counsel in his Reply brief. (*Id*. at 6 n. 2).

Plaintiff's Objection is merely a restatement of his Motion to Compel and appears to argue that "Plaintiff is a pro se litigant with no training in the law, but it appears that he is being held to the standards of an attorney in presenting this claim, without regard for the substance and merit of the claim". (Dkt. No. 68, at 3). It is well settled that a court must liberally construe the pleadings and other filings of a *pro se* litigant. *See Owens v. Keeling*, 461 F.3d 763, 776 (6th

3

Cir. 2006) (citation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, in the current action, it is clear the Magistrate Judge's finding was not clearly erroneous or contrary to law where she liberally construed the Motion to Compel as setting forth a separate claim against non-parties. The Court finds no flaw in the Magistrate Judge's reasoning where Plaintiff's complaints implicate only non-parties and where Plaintiff had received all the discovery he requested from Defendant.[2] (Dkt. 43, at 6).

For all these reasons, the Court DENIES Plaintiff's Objection to April 5, 2013 Opinion and Order. (Dkt. No. 68).

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 10, 2014.

s/Deborah Tofil
Case Manager

---

[2] The Court also notes that Plaintiff's complaints regarding his ability to reach witnesses as well any argument regarding his request for reconsideration of appointment of counsel has been mootted by his recent appointment of counsel. (Dkt. No. 74).

4