UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN THOMAS,

           Plaintiff,

v.

DEBBIE THOMAS,

           Defendant.
_____/

Case No. 11-12193

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
AND DENYING PLAINTIFF'S REQUEST TO CERTIFY THE ORDER FOR
INTERLOCUTORY APPEAL (ECF NO. 96)</u>

      This Court previously issued an Opinion and Order denying Plaintiff Melvin Thomas's objections and adopting the Magistrate Judge's Report and Recommendation denying Plaintiff's motion for summary judgment. (ECF No. 93.) Thereafter, Plaintiff filed the present motion for reconsideration pursuant to E.D. Mich. L.R. 7.1(h)(3). (ECF No. 96.) Plaintiff also moves, in the alternative, for the Court to certify its non-final opinion and order for interlocutory appeal and stay this action. (*Id.*) For the following reasons, the Court will deny Plaintiff's motion for reconsideration and also deny Plaintiff's request to certify the order for an interlocutory appeal.

I. STANDARD OF REVIEW

Plaintiff's Motion is brought under E.D.Mich. LR 7.1(h)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

## II. ANALYSIS

### A. Motion for Reconsideration

Plaintiff's second amended complaint alleges that Defendant, a Food Service Leader at the St. Louis Correctional Facility in Michigan, submitted a false Major Misconduct Report against Plaintiff in retaliation against him after he exercised his First Amendment right to criticize a public official. (ECF No. 22, Am. Compl.) Plaintiff moved for summary judgment arguing, *inter alia*, that the Court should give preclusive effect to the factual findings of the Administrative Law Judge ("ALJ") at the misconduct hearing. In the January 13, 2016 opinion and order this Court adopted the Magistrate Judge's Report and Recommendation, denied Plaintiff's motion for summary judgment and held that the ALJ's factual findings were not entitled to preclusive effect. (ECF No. 93.)

Plaintiff now moves for reconsideration of that order and argues that this Court committed palpable error when it stated in a "conclusory fashion that the Defendant did not have a 'full and fair opportunity to litigate' her factual findings" based upon the finding that defendant "did not possess any incentive to 'vigorously' contest the ALJ's findings at the hearing or on appeal." (ECF No. 96, at 3.) More specifically, Plaintiff avers that the Court erred when it evaluated whether Defendant had "incentive" to vigorously contest the factual findings in the

misconduct hearing and further claims that the Court disregarded the dispositive factor of the analysis – the Court's "sense of justice and equity." (*Id.*, at 3-4.)

In *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013), the Sixth Circuit held that the factual findings in a major-misconduct hearing against a prisoner were entitled to preclusive effect against the prisoner-turned-plaintiff in his later filed federal action. To reach that conclusion, the Sixth Circuit examined the factors set forth in *University of Tennessee v. Elliott*, 478 U.S. 788 (1986) and concluded that because the first three factors were satisfied the court "must give the agency's finding of fact the same preclusive effect it would be given in state courts." *Peterson*, 714 F.3d at 912-13 (citation omitted). Pertinent to the instant motion, under Michigan law a court must evaluate whether the "parties had a full and fair opportunity to litigate the issue" to determine the preclusive effect of the factual findings of a major-misconduct hearing. *Peterson*, 714 F.3d at 914 (citing *McCormick v. Braverman*, 451 F.3d 382, 397 (6th Cir. 2006)). To make that determination, a court must weigh thirteen factors, however, the Sixth Circuit recognized that "ultimately the answer 'rest[s] on the ... courts' sense of justice and equity.'" *Id.*, at 914-15 (citing *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 683 n. 2 (2004)).

Subsequently, in *Roberson v. Torres*, 770 F.3d 398 (6th Cir. 2014), the Sixth Circuit clarified its holding in *Peterson*, cautioning that it was not a "blanket blessing on every factual finding in a major-misconduct hearing." *Roberson*, 770 F.3d at 404. The Sixth Circuit explained:

> the question of preclusion cannot be resolved categorically, as it turns on case-specific factual questions such as what issues were actually litigated and decided, and <u>whether the party to be precluded had sufficient incentives to litigate those issues and a full and fair opportunity to do so – not just in theory, but in practice</u>. [*Peterson*, 714 F.3d] at 916-17. It likewise turns on the court's "sense of justice and equity," *Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 334

(1971), which may require a case-by-case analysis of surrounding circumstances. *Id*. at 404 (emphasis added).

In the present case, the Magistrate Judge concluded in her Report and Recommendation, and this Court agreed, that it would be "inequitable" to give the factual findings preclusive effect in this particular circumstance because Defendant, a Food Service Leader, did not have an "incentive" to vigorously contest the factual findings, appear at the hearing, or appeal the ALJ's findings. To that end, the Court noted at least one of the thirteen factors set forth in *Monat* weighed in favor of finding that the parties did not have a "full and fair opportunity to litigate":

> (5) There is a clear and convincing need for a new determination of the issue ... (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstance, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.

(ECF No. 93, at * 9 (quoting *Monat*, 469 Mich. at 683 n. 2)).

Plaintiff now argues that this Court committed error when it evaluated whether Defendant had "incentive" to contest the factual findings. Plaintiff cites *Cannon v. Bernstein*, No. 09-14058, 2015 WL 5719665 (E.D. Mich. Sept. 30, 2015) and *Tucker v. Pentrich*, No. 09-13246, 2015 WL 477200 (E.D. Mich. Feb. 5, 2015) for the proposition that other courts applying *Peterson* have only evaluated whether there was an "opportunity to vigorously contest" the findings rather than evaluating a party's "incentive" to do the same. In *Cannon*, the defendants sought to offensively use the findings of a major-misconduct hearing against the plaintiff prisoner who alleged his substantive due process rights were violated at the misconduct hearing when he was falsely charged and the defendants concealed exculpatory evidence. *Carter*, No. 09-14058, 2015 WL 5719665, at *1-2. The district court held in *Cannon* that the ALJ's factual

findings were not entitled to preclusive effect because the defendants did not evidence that the prisoner-plaintiff had the opportunity to vigorously challenge the charges against him when he was denied access to evidence and witnesses. *Cannon*, at *2. In *Tucker*, the district court similarly held that the factual findings of a major-misconduct hearing were not entitled to preclusive effect because the defendants in the later filed federal civil action did not establish that the prisoner-plaintiff was able to "vigorously contest" the charges. *Tucker*, No. 09-13246, 2015 WL 477200, at *10. The *Tucker* court noted that the plaintiff-prisoner was not allowed to question witnesses, view evidence, or offer additional witness statements at the misconduct hearing. *Id.*

The Court finds the *Cannon* and *Tucker* decisions are distinguishable and unpersuasive. In both *Cannon* and *Tucker*, the issue of the parties' incentives to litigate the factual issues in the misconduct hearings were not relevant because in both cases the parties to be precluded were prisoners. And, as recognized by the Sixth Circuit in *Peterson*, "there [was] no question that [the prisoner-plaintiff] had incentive to vigorously contest [the defendant's] account, not least because losing the argument could mean, and did mean, thirty days of detention" or some other sanction. *Peterson*, 714 F.3d at 915. Here, the party to be precluded is not the prisoner-turned plaintiff, but a defendant who was a food service leader employed by the prison. As such, Defendant's incentive to vigorously contest the factual findings are relevant and clearly distinguishable from a prisoner's incentive – Defendant did not personally risk detention or any other severe sanction as a result of the ALJ's factual findings in the misconduct hearing.

Further, the Court concludes that there has been no "palpable error" in this action, where its conclusion is in line with both *Monat* and *Roberson*. Under *Monat*, this particular case

5

represents a scenario wherein "[t]here is a clear and convincing need for a new determination of the issue" because the party to be precluded, Defendant, would not have anticipated at the time of the major-misconduct hearing that she would be haled into court in a subsequent federal action, *and* because Defendant did not have "an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action." *Monat*, 469 Mich. at 683 n. 2.  While this is but one of the thirteen factors enumerated under *Monat*; "ultimately the answer 'rest[s] on the . . . courts' sense justice and equity," and by accepting the Report and Recommendation, this Court agreed with the Magistrate Judge that to allow preclusion in this circumstance would be inequitable and unjust.

Additionally, *Roberson* made clear that the issue of preclusion cannot be resolved "categorically" and instead turns on factual questions - particularly "whether the party to be precluded had sufficient incentives to litigate those issues and had a full and fair opportunity to do so – not just in theory, but in practice." *Roberson*, 770 F.3d at 440 (citation omitted).  As the Court noted previously, it is possible that the factual determination by the ALJ that Defendant fabricated the Ticket might theoretically have resulted in a separate, future investigation that could have impacted her employment.  However, such a theoretical outcome was separate and distinct from any ruling from the ALJ in the hearing at issue.  Plaintiff argues that it is logical that Defendant, like "every employee," has a personal incentive to perform her job duties and not falsify information.  (ECF No. 96, at 9-10.)  Plaintiff's argument is unavailing.  Plaintiff stood to lose much based upon the factual findings of the ALJ, while Defendant faced no similar, direct repercussions from the same decision.  Plaintiff's arguments are based upon a theory that all people have an incentive to do "his or her job."  Yet, the Sixth Circuit made clear that whether a

party had a sufficient incentive to litigate is based "not just in theory, but in practice." *Roberson*, 770 F.3d at 440. In the instant case, the Court finds that "in practice," Defendant did not have sufficient incentive to litigate the factual findings or to pursue an appeal based on the fact that the ALJ's decision did not have had a direct effect upon her.

These particular facts – as found by the Magistrate Judge in her Report and Recommendation and accepted by this Court in its opinion and order – create an inequity such that re-litigation of the factual findings is not precluded. This conclusion is supported by the Sixth Circuit's acknowledgment in *Peterson* that: "ultimately, the answer rests upon the courts' sense of justice and equity." *Peterson*, 714 F.3d at 914-15 (internal marks and citation omitted). Accordingly, the Court finds there was no palpable error in its analysis.

    B.    Request to Certify Order for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b)

In the alternative, Plaintiff asks that this Court to certify is January 31, 2016 Opinion and Order for interlocutory appeal because (1) it involves a controlling question of law, (2) for which there is substantial ground for difference of opinion, and (3) for which an immediate appeal would materially advance the ultimate termination of the litigation. *See Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993); 28 U.S.C. § 1292(b). "Review is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing *Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966)). Further, "§1292 is not appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." *U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC*, 845 F. Supp. 2d 858 (S.D. Ohio, 2012) (quoting *Howe v. City of Akron*, 789 F.

Supp. 2d 786, 810 (N.D. Ohio 2010)).

The Court concludes that the legal issue is "controlling" because it would materially affect the outcome of the case. *In re City of Memphis*, 293 F.3d at 351. Here, if the Court held that Defendant was precluded from disputing the factual findings of the ALJ then no "genuine issue of material fact would exist regarding the propriety of the Ticket and the underlying rationale for Defendant's actions." (ECF No. 89, Report and Recommendation, at 12.)

Regardless of whether the legal issue is controlling in this case, the Court finds that there is not a substantial ground for a difference of opinion on the legal issue. The Sixth Circuit has explained that

> [d]istrict courts in this circuit have interpreted "a substantial ground for difference of opinion ... regarding the correctness of the decision" to mean when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decision; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question."

*In re Miedzianowski*, 735 F.3d 383, 383 (6th Cir. 2013) (citation omitted).

In the instant case, Plaintiff asserts that the question is one of first impression and is a "model case" for interlocutory appeal. To that end, Plaintiff contends that there is no case that applies *Peterson* to the identical facts of this case: such that preclusive effect is given to an ALJ's findings of fact in favor of a prisoner-turned plaintiff. The Court, however, finds that *Peterson* and *Roberson* provided adequate legal guidance on this issue. Indeed, Plaintiff does not contend that the Court applied the wrong legal standard as set forth under *Peterson* and *Roberson*, but rather Plaintiff "is challenging this Court's application of law to the facts because of its disagreement with the outcome, rather than presenting a situation where there are substantial disputes as to the applicable law." *Gieringer v. Cincinnati Ins., Cos.*, 3:08-cv-267,

8

2010 WL 2572054, *3 (E.D. Tenn. June 18, 2010).

As to the third factor, Plaintiff argues that certification would "materially advance the ultimate termination of the litigation" because a favorable appeal would "essentially be declaring liability in favor of Plaintiff." (ECF No. 96, at 13.) This case, however, is poised to be scheduled for trial in the near future and thus an appeal at this stage of the litigation would not conserve any resources.

In summary, the Court finds that while a Plaintiff may have identified a "controlling issue of law," the Court finds that there is not a substantial difference in opinions regarding this issue and an appeal at this advanced stage of litigation would not conserve resources or shorten the litigation. Finally, as noted above, § 1292(b) "should be sparingly applied and is to be used only in exceptional cases." *In re Miedzianowski*, 735 F.3d at 383. The Court finds in its discretion that this is not such a case.

### III. CONCLUSION

For these reasons, the Court DENIES Plaintiff's Motion for Reconsideration because it has failed to establish any "palpable error" in the Court's previous ruling or its interpretation of applicable case law. Further, the Court DENIES Plaintiff's request to Certify its January 13, 2016 Order for interlocutory appeal.

IT IS SO ORDERED.

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: October 5, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 5, 2016.

                                              s/Deborah Tofil
                                              Case Manager